UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RICHARD PRESTON BLACKWELL,

                Plaintiff,

v.

SUPERVALU INC. DOES; CUB FOODS DOES; MADONNA DUPAUL, *Cub Foods staff*; CITY OF SAINT PAUL; CITY OF SAINT PAUL POLICE DEPARTMENT DOES; OFFICER BRENT CAMPBELL; *and any of their affiliated companies, entities, or individuals, any shareholders, directors, officers, their successors, predecessors, assigns, insurers, agents, principals, attorneys, franchisors, and employees*,

                Defendants.

Civil No. 24-2720 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Richard Preston Blackwell, 101 Fifth Street, Suite 150, Saint Paul, MN 55101, *pro se* Plaintiff.

Plaintiff Richard Preston Blackwell filed an action against several Defendants due to alleged discrimination when Cub Foods employees suspected him of shoplifting. He applied to proceed in forma pauperis ("IFP"). The Court dismissed his Complaint for failure to state a claim upon which relief can be granted and denied his IFP application as moot. Blackwell now seeks to appeal that dismissal and proceed IFP on appeal. Because his appeal is not in good faith, the Court will deny his application to proceed IFP on appeal.

**BACKGROUND**

In 2018, Blackwell went through the self-checkout line at Cub Foods ("Cub"), where an unnamed Cub employee physically stopped him and accused him of shoplifting. (Compl. at 4, July 16, 2024, Docket No. 1.) Blackwell sought assistance from an unnamed police officer, who verified via receipt that Blackwell had purchased the goods. (*Id.*) Blackwell then threatened to report the Cub employee's actions as criminal harassment. (*Id.* at 4–5.) According to Blackwell, the police officer then issued a false police report containing defamatory information, including the false statement that he entered Cub wearing a bandana on his face. (*Id.* at 5–8.)

Blackwell claims he was discriminated against and harassed based on his race and gender. He asserts causes of action under 42 U.S.C. § 1983,[1] the Minnesota State Constitution, the Minnesota Human Rights Act ("MNHRA"), the Minnesota Government Data Practices Act ("MGDPA"), various other Minnesota state laws, and the common law torts of negligence, assault, battery, and false imprisonment. (*See generally* Compl.)

The Court dismissed his federal claims with prejudice and declined to exercise supplemental jurisdiction over the state law claims. (Order Dismissing Case at 11, Sept. 3, 2024, Docket No. 4.) With no claims remaining, the Court denied Blackwell's IFP application as moot. (*Id.* at 12.) Blackwell filed a notice of appeal and an application to

---

[1] Blackwell also includes a statement of jurisdiction referencing 42 U.S.C. §§ 1981 and 1988; however, he only asserts causes of action under 42 U.S.C. § 1983.

proceed IFP on appeal. (Not. of Appeal, Oct. 2, 2024, Docket No. 5; Appl. to Proceed IFP on Appeal, Oct. 2, 2024, Docket No. 6.)

## DISCUSSION

### I. STANDARD OF REVIEW

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Cf. Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legal frivolity includes when "none of the legal points are arguable on their merits." *Id.* (cleaned up).

A party to a district court action who desires to appeal IFP must also file a motion in the district court and attach an affidavit that (1) shows inability to pay or to give security for fees and costs; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also* 28 U.S.C. § 1915(a)(1) (requiring the same).

-3-

## II. ANALYSIS

Here, though Blackwell has demonstrated his indigence, his appeal is frivolous. Blackwell describes the issues he intends to appeal as only the denial of IFP status. However, the IFP application was denied as moot after the Court found his Complaint failed to state a claim for relief, so his appeal necessarily implicates the merits of the Court's prior ruling. For clarity, the Court will briefly reiterate its prior findings. (*See* Order Dismissing Case.)

Blackwell failed to state a claim under 42 U.S.C. § 1983 against private party Defendants Supervalu Inc. Does, Cub Foods Does, and Madonna DuPaul because they were not state actors, nor were they acting under color of state law. *Andrews v. City of West Branch*, 454 F.3d 914, 918 (8th Cir. 2006); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Blackwell's claims against Saint Paul Policy Officer Does in their individual capacity were similarly futile because, once they converted to actual named plaintiffs, they would be outside the statute of limitations. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 n.3 (8th Cir. 1995) (noting in Minnesota statute of limitations for § 1983 claims is six years); *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 581 (8th Cir. 2017) (affirming dismissal of amended complaint as untimely on the grounds that plaintiffs did not make a "mistake" within the meaning of Fed. R. Civ. P. 15(c) when they intentionally sued John Doe defendant knowing that he was not the proper defendant). Any argument to the contrary would have no merit on appeal, and thus the appeal is frivolous.

Blackwell's remaining claims against Officer Brent Campbell and other unnamed Saint Paul Police Officer Defendants in their official capacities failed because he failed to plead any facts establishing that they acted pursuant to some official Saint Paul policy or unofficial custom during the events at issue. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535–36 (8th Cir. 1999). Because even pro se plaintiffs are not immune from the requirement to plead sufficient facts in a Complaint to survive a motion to dismiss, an appeal would be frivolous.

Because the Court dismissed each of Blackwell's federal claims, it then declined to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

Between the Court's dismissal and the application for IFP on appeal, nothing has changed to breathe merit into Blackwell's claims. Indeed, his only issue on appeal is the denial of the IFP application itself, not the dismissal based on the merits. (*See* Appl. to Proceed IFP on Appeal (noting only that the Court "Erred in denying IFP to waive the fees for underlying court file").) Blackwell has not presented the Court with any legal or factual argument contradicting the Court's prior order. Accordingly, the appeal is as frivolous as the original Complaint, and the IFP application will be denied.

## CONCLUSION

Because Blackwell originally failed to state a claim and has given the Court no indication that his case would fare any better on appeal, the Court finds the appeal is not in good faith and will deny the application to proceed IFP on appeal.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 6] is **DENIED**.

DATED:  October 15, 2024
at Minneapolis, Minnesota.

                                        JOHN R. TUNHEIM
                                  United States District Judge